UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |
|---|---|
| IN RE BARCLAYS BANK PLC SECURITIES LITIGATION | : Master File No. 1:09-cv-01989-PAC |
|  | : |
|  | : ECF Case |
|  | : |
| This Document Relates to:  All Actions | : Electronically Filed |
|  | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE
UNDERWRITER DEFENDANTS' MOTION TO DISMISS COUNTS I
AND II OF THE CONSOLIDATED AMENDED COMPLAINT**

SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Jay B. Kasner (jay.kasner@skadden.com)
Scott D. Musoff (scott.musoff@skadden.com)
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for the Underwriter Defendants

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ....................................................................................................ii

PRELIMINARY STATEMENT.............................................................................................. 1

ARGUMENT ........................................................................................................................... 2

I.  PLAINTIFFS FAIL TO ALLEGE ANY ACTIONABLE MISSTATEMENTS OR OMISSIONS IN THE OFFERING DOCUMENTS .......................................................... 2

II.  PLAINTIFFS LACK STANDING TO SUE UNDER SECTION 12(a)(2)...................... 2

III.  PLAINTIFFS CANNOT RECOVER UNDER SECTIONS 11 OR 12(a)(2) IN CONNECTION WITH THE APRIL 2008 OFFERING OF SERIES 5 SECURITIES ................................................................................................................. 6

CONCLUSION ........................................................................................................................ 8

## **TABLE OF AUTHORITIES**

### **CASES**

*In re American International Group, Inc. Securities Litigation*,
  No. 04 Civ. 8141 (DAB), 2010 WL 646720 (S.D.N.Y. Feb. 22, 2010).....................................7

*Caifa v. Sea Containers Ltd.*,
  331 F. App'x 14 (2d Cir. 2009) ...............................................................................................4, 5

*In re Century Aluminum Co. Securities Litigation*,
  Nos. C 09-1001 SI, C 09-1205 SI, C 09-1103 SI, C 09-1162, SI, 2010 WL 1729426
  (N.D. Cal. Apr. 27, 2010)..........................................................................................................4, 5

*In re Citigroup Inc. Bond Litigation*,
  No. 08 Civ. 9522 (SHS), 2010 WL 2772439 (S.D.N.Y. July 12, 2010) ......................3, 4, 5, 6

*DeMaria v. Andersen*,
  153 F. Supp. 2d 300 (S.D.N.Y. 2001), *aff'd*, 318 F.3d 170 (2d Cir. 2003) ..............................5

*In re Deutsche Telekom AG Securities Litigation*,
  No. 00 CIV 9475 SHS, 2002 WL 244597 (S.D.N.Y. Feb. 20, 2002) .......................................5

*Gustafson v. Alloyd Co.*,
  513 U.S. 561 (1995) ......................................................................................................................3

*In re Livent, Inc. Noteholders Securities Litigation*,
  151 F. Supp. 2d 371 (S.D.N.Y. 2001).................................................................................1, 6, 7

*New Jersey Carpenters Health Fund v. DLJ Mortgage Capital, Inc.*,
  No. 08 Civ. 5653 (PAC), 2010 WL 1473288 (S.D.N.Y. Mar. 29, 2010)..........................1, 3, 5

*Pinter v. Dahl*,
  486 U.S. 622 (1988) ......................................................................................................................5

*Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp.*,
  658 F. Supp. 2d 299 (D. Mass. 2009) ..........................................................................................5

*Public Employees' Retirement System v. Merrill Lynch & Co.*,
  No. 08 Civ. 10841(JSR), 2010 WL 2175875 (S.D.N.Y. June 1, 2010) ...............................3, 5

*In re Sterling Foster & Co. Securities Litigation*,
  222 F. Supp. 2d 216 (E.D.N.Y. 2002) .....................................................................................4, 5

**STATUTES**

15 U.S.C. § 77k(a) ............................................................................................................. 6

15 U.S.C. § 77l(a)(2) ...................................................................................................... 1, 6

The Underwriter Defendants respectfully submit this reply memorandum of law in further support of their motion to dismiss Counts I and II of the Amended Complaint with prejudice.[1]

## PRELIMINARY STATEMENT

Plaintiffs' Opposition Brief ("Opp. Br.") serves to confirm that dismissal of the Amended Complaint is appropriate.  *First*, as set forth in the Barclays Defendants' moving and reply briefs, Plaintiffs have failed to allege any actionable misstatements or omissions in the Offering Documents.  (*See* Point I *infra*.)

*Second*, Plaintiffs lack standing to assert claims under Section 12(a)(2) of the Securities Act of 1933, 15 U.S.C. § 77l(a)(2), because they concede that they did not allege that they purchased the Barclays Securities *in* the subject Offerings or from a particular Underwriter Defendant.  While Plaintiffs argue that it is sufficient to merely allege that they purchased the Barclays Securities "pursuant and/or traceable" to the Offering Documents (Opp. Br. at 34), such a position has explicitly been rejected by this Court.  *N.J. Carpenters Health Fund v. DLJ Mortgage Capital, Inc.*, No. 08 Civ. 5653 (PAC), 2010 WL 1473288, at *4 (S.D.N.Y. Mar. 29, 2010) (Crotty, J.) (dismissing Section 12(a)(2) claims for lack of standing where complaint only alleged that plaintiff purchased securities "'pursuant and traceable to' the Offering Documents"). (*See* Point II *infra*.)

*Third*, Plaintiffs do not dispute that recovery under Sections 11 and 12(a)(2) is barred where a plaintiff knew of the alleged "untruth or omission" at the time he purchased the subject securities.  *In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp. 2d 371, 441 (S.D.N.Y. 2001)

---

[1]     Capitalized terms not otherwise defined have the meanings ascribed to them in the Underwriter Defendants' moving brief.  To the extent applicable to this motion, the Underwriter Defendants adopt the arguments contained in the Reply Memorandum of the Barclays Defendants.

(citations omitted).  Here, Plaintiff Martin Ettin, the only named Plaintiff alleged to have

purchased the Series 5 Securities, purportedly purchased those securities *after* the date on which

Plaintiffs allege Barclays "[began] to make adequate disclosures of its capital credit market

exposures."  (Am. Compl. ¶ 184.)  Although Plaintiffs contend that "certain vital disclosures

were not made until the annual report as of December 31, 2008" (*id.*; Opp. Br. at 33), Plaintiffs

do not and cannot identify any such "vital disclosures."  Thus, because Ettin purchased the Series

5 Securities after the point at which he admits he had knowledge of the alleged "untruths or

omissions" identified in the Amended Complaint, Plaintiffs' Securities Act claims regarding the

April 2008 Offering of Series 5 Securities should be dismissed.  (*See* Point III *infra.*)

For these, and additional reasons outlined below and in the Reply Memorandum of the

Barclays Defendants, Counts I and II of the Amended Complaint should be dismissed with

prejudice against the Underwriter Defendants.

## ARGUMENT

## I.   PLAINTIFFS FAIL TO ALLEGE ANY ACTIONABLE MISSTATEMENTS OR OMISSIONS IN THE OFFERING DOCUMENTS

For the reasons set forth in the Barclays Defendants' Reply Memorandum, Plaintiffs have

failed to allege any actionable misstatements or omissions in the Offering Documents.  (Barclays

Reply Br. at section I.)

## II.   PLAINTIFFS LACK STANDING TO SUE UNDER SECTION 12(a)(2)

Plaintiffs acknowledge that, in order to have standing under Section 12(a)(2), they "must

allege that they purchased in the Offerings."  (Opp. Br. at 33.)  Plaintiffs contend, however, that

this standard is somehow met by simply alleging that the Barclays Securities were purchased

"pursuant or traceable" to the Offerings Documents.  (*Id.*)  Plaintiffs are incorrect.

As this Court has explicitly held, allegations that a plaintiff purchased securities

"'pursuant or traceable'" to the offering documents "is insufficient to assert standing for Section

12 claims." *N.J. Carpenters Health Fund v. DLJ Mortgage Capital, Inc.*, No. 08 Civ. 5653

(PAC), 2010 WL 1473288, at *4 (S.D.N.Y. Mar. 29, 2010) (Crotty, J.); *see also Pub. Employees'*

*Ret. Sys. v. Merrill Lynch & Co.*, No. 08 Civ. 10841(JSR), 2010 WL 2175875, at *6 (S.D.N.Y.

June 1, 2010) (dismissing Section 12(a)(2) claims where the complaint did not allege that

plaintiffs purchased the subject securities from the underwriter defendants in the public offerings

at issue and "[i]nstead, rather coyly, the Complaint [made] such allegations as that '[p]laintiffs

and other Class members purchased or otherwise acquired [securities] pursuant and/or traceable

to the defective Prospectus Supplements'").  Instead, Plaintiffs must allege that they "directly

purchased the securities from the underwriting defendants in the subject public offering(s), and

not in the secondary market." *Id.* (citing *Gustafson v. Alloyd Co.*, 513 U.S. 561, 578 (1995)); *see*

*also In re Citigroup Inc. Bond Litig.*, No. 08 Civ. 9522 (SHS), 2010 WL 2772439, at *14

(S.D.N.Y. July 12, 2010) (holding that "a plaintiff seeking redress pursuant to Section 12(a)(2)

must establish that it purchased the security directly from defendants through the public offering

at issue").[2]  Plaintiffs' failure to do so is fatal to their Section 12(a)(2) claims.  *See DLJ Mortgage*

*Capital, Inc.*, 2010 WL 1473288, at *4; *Citigroup Inc. Bond Litig.*, 2010 WL 2772439, at *15;

*Merrill Lynch & Co.*, 2010 WL 2175875, at *6.

Plaintiffs, nevertheless, argue that the Certifications submitted by Lead Plaintiffs

demonstrate that they purchased "in" the April 2006 Offering of Series 2 Securities, the

---

[2]      While the Underwriter Defendants respectfully believe that the complaint in *In re
Citigroup Bond Litigation* did not state a claim for relief, in any event, for the reasons set forth in
the Barclays Defendants' Reply Memorandum, the claims sustained in *In re Citigroup Bond
Litigation* are distinguishable from those in this case.

September 2007 Offering of Series 3 Securities, and the December 2007 Offering of Series 4

Securities.[3]   (Opp. Br. at 34.)  Those Certifications, however, do not specify whether the

securities were actually purchased "in" the subject Offerings.  Moreover, the purported fact that

each of the Series 2, Series 3, and Series 4 Securities were purchased on the days in which those

securities were first offered to the public, even if true, is insufficient to confer Section 12(a)(2)

standing upon Plaintiffs.  *In re Sterling Foster & Co  Securities Litigation*, 222 F. Supp. 2d 216

(E.D.N.Y. 2002), a case cited by the Underwriter Defendants in their moving brief but ignored

by Plaintiffs, rejected a substantially similar argument.  The court dismissed a Section 12(a)(2)

claim where "the plaintiffs fail[ed] to allege that they purchased the securities in the public

offering, as opposed to in the aftermarket," despite the fact that "[s]ome of the purchase dates

listed in the complaint [were] close enough in time to suggest that the plaintiffs could have made

their purchases in the offering."  *Id.* at 245-46; *see also, e.g., Citigroup Inc. Bond Litig.*, 2010

WL 2772439, at *15 (holding that the court would not "scour the various documents provided

[by the plaintiffs] to determine precisely which plaintiff purchased which security from which

defendants" (citing *Sterling Foster & Co.*, 222 F. Supp. 2d at 246)).[4]

---

[3]      Plaintiffs do not dispute that they lack standing to assert a Section 12(a)(2) claim in
connection with the April 2008 Offering of Series 5 Securities.  As mentioned, Plaintiff Ettin is
the only named Plaintiff alleged to have purchased the Series 5 Securities.  According to his
Certification, Ettin first purchased the Series 5 Securities on September 19, 2008, *more than five
months after the April 2008 Offering*.  (Perrin Decl. Ex. E.)  Because Ettin's Certification makes
clear that he did not purchase Series 5 Securities in the April 2008 Offering, Plaintiffs lack
standing under Section 12(a)(2) to assert a claim in connection with the Offering.

[4]      Plaintiffs cite *Caifa v. Sea Containers Ltd.*, 331 F. App'x 14, 16 (2d Cir. 2009) and *In re
Century Aluminum Co. Securities Litigation*, Nos. C 09-1001 SI, C 09-1205 SI, C 09-1103 SI, C
09-1162, SI, 2010 WL 1729426, at *10-11 (N.D. Cal. Apr. 27, 2010) for the proposition that,
"[i]n determining §12(a)(2) standing, courts look both to the face of the complaint and to the
certifications incorporated by reference therein." (Opp. Br. at 33.)  Significantly, in both cases,
the plaintiffs' Section 12(a)(2) claims were dismissed for lack of standing because, like Plaintiffs
here, the plaintiffs failed to allege that they purchased the subject securities in the public
offerings at issue.  *See Caifa*, 331 F. App'x at 16 (upholding district court's dismissal of Section

Plaintiffs must also allege that they directly purchased the Barclays Securities from a particular Underwriter Defendant or as a result of a particular Underwriter Defendant's solicitation.  *See Merrill Lynch & Co.*, 2010 WL 2175875, at *6 (holding that Section 12(a)(2) standing is limited to "persons who have directly purchased the securities from the underwriting defendants in the subject public offering(s)"); *see also DeMaria v. Andersen*, 153 F. Supp. 2d 300, 307 (S.D.N.Y. 2001) (dismissing Section 12 claim against underwriter defendants because "the amended complaint [did] not aver that any defendant was the immediate seller to any named plaintiff," or that any defendant "actively solicited any named plaintiff in connection with the sale" of the securities at issue), *aff'd*, 318 F.3d 170 (2d Cir. 2003); *In re Deutsche Telekom AG Sec. Litig.*, No. 00 CIV 9475 SHS, 2002 WL 244597, at *3 (S.D.N.Y. Feb. 20, 2002) (in order to qualify as a "seller" for Section 12(a)(2) liability, a plaintiff must allege a defendant "(1) passed title of the security to the plaintiff or (2) successfully solicited the purchase motivated at least in part by [its] own financial interest" (citing *Pinter v. Dahl*, 486 U.S. 622, 642 (1988))).  Plaintiffs admittedly have not so alleged (Opp. Br. at 34) and their Section 12(a)(2) claims fail for this reason as well.  *See Merrill Lynch & Co.*, 2010 WL 2175875, at *6; *In re Deutsche Telekom*, 2002 WL 244597, at *5.

"'If [P]laintiffs did in fact purchase the [Barclays Securities] directly from the [D]efendants, they should have said so.  An evasive circumlocution does not suffice as a substitute.'"  *DLJ Mortgage Capital, Inc.*, 2010 WL 1473288, at *4 (quoting *Plumbers' Union*

---

12(a)(2) claims where "plaintiffs failed to allege they purchased the securities at issue in an initial public offering"); *In re Century Aluminum Co.*, 2010 WL 1729426, at *11 (dismissing Section 12(a)(2) claims where plaintiffs alleged that they purchased securities "'pursuant and/or traceable to' the [subject] offering" because "such conclusory allegations are insufficient to establish standing").  While, in both cases, the plaintiffs' certifications demonstrated that they could not have purchased in the public offerings at issue, it was the plaintiffs' failure to allege that they purchased securities "in" those public offerings that the courts found dispositive.  *See Caifa*, 331 F. App'x at 16; *In re Century Aluminum Co.*, 2010 WL 1729426, at *11.

*Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp.*, 658 F. Supp. 2d 299, 305 (D. Mass. 2009)).  Clearly, Plaintiffs know whether or not they purchased "in" the offerings at issue and, if so, from whom they purchased the securities.  Their failure to so plead is fatal to their Section 12(a)(2) claims.  *See Citigroup Inc. Bond Litig.*, 2010 WL 2772439, at *15 (holding that, "[f]or a complaint to plausibly plead standing to raise a claim pursuant to Section 12, it must identify a particular purchase from a particular defendant pursuant to a particular prospectus that it contends contained a particular false or misleading statement" and "[f]ailing to do so fails to meet even the lessened pleading requirements of Rule 8").

## III.   PLAINTIFFS CANNOT RECOVER UNDER SECTIONS 11 OR 12(a)(2) IN CONNECTION WITH THE APRIL 2008 OFFERING OF SERIES 5 SECURITIES

As set forth in the Underwriter Defendants' moving brief, a plaintiff "may not recover under §§ 11 or 12(a)(2) if [he] knew of the alleged untruth or omission at the time of purchase." *In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp. 2d 371, 441 (S.D.N.Y. 2001) (citing 15 U.S.C. §§ 77k(a) & 77l(a)(2)).  "Knowledge that a misstatement or omission exists is sufficient to defeat a § 11 or 12(a)(2) claim; defendants need not demonstrate plaintiffs' actual knowledge of the truth." *Id.* (citation omitted).

Plaintiff Ettin, the only named Plaintiff alleged to have purchased the Series 5 Securities issued in the April 2008 Offering, purportedly purchased those securities on September 19, 2008 (Perrin Decl. Ex. E), *more than a month after* Plaintiffs allege that Barclays "[began] to make adequate disclosures of its capital credit market exposures."  (Am. Compl. ¶ 184.)  Thus, at the time Ettin purchased the Series 5 Securities, he had knowledge of the alleged "untruths or omissions" in the Offering Documents.

While not disputing these facts, Plaintiffs nevertheless argue that the August 2008 disclosures were only "partial disclosures" because "'certain vital disclosures were not made until

the annual report as of December 31, 2008.'"  (Opp. Br. at 33 (quoting Am. Compl. ¶ 184).)
Such an argument, however, is belied by the fact that the Amended Complaint does not provide a
description of any such "vital disclosures" – a point made in the Underwriter Defendants' moving
brief but, tellingly, ignored by Plaintiffs in the Opposition Brief.

Thus, because Ettin indisputably had knowledge of the alleged "untruths or omissions" at
the time he purchased the Series 5 Securities, Plaintiffs' Securities Act claims regarding the April
2008 Offering of those securities should be dismissed.  *See Livent*, 151 F. Supp. 2d at 441; *see
also, e.g.*, *In re Am. Int'l Group, Inc. Sec. Litig.*, 265 F.R.D. 157, 167 (S.D.N.Y. 2010) (holding
that plaintiffs did not have standing to bring a Section 11 claim where they purchased securities
despite "[knowing] that some or many of the statements contained in the Registration Statement
were false when they relied on that Statement in purchasing the [subject securities]").

## <u>CONCLUSION</u>

For the foregoing reasons, as well as those set forth in the Underwriter Defendants'
moving brief and the Barclays Defendants' moving and reply briefs, the Underwriter Defendants
respectfully request that Counts I and II of the Amended Complaint be dismissed in their entirety
with prejudice.

Dated:   New York, New York
         August 3, 2010

                                        Respectfully submitted,


                                        /s/ Jay B. Kasner
                                        Jay B. Kasner
                                        (jay.kasner@skadden.com)
                                        Scott D. Musoff
                                        (scott.musoff@skadden.com)
                                        SKADDEN, ARPS, SLATE,
                                           MEAGHER & FLOM LLP
                                        Four Times Square
                                        New York, New York  10036
                                        (212) 735-3000

                                        Attorneys for the Underwriter Defendants