UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re BARCLAYS BANK PLC         :
SECURITIES LITIGATION            :
                                 :
                                 :
                                 :
                                 :
                                 :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 31, 2011

09 Civ. 1989 (PAC)

ORDER

HONORABLE PAUL A. CROTTY, United States District Judge:

On January 5, 2011, the Court entered an Order granting Defendants' motion to dismiss the Consolidated Amended Complaint ("CAC") in its entirety. Along with dismissing most of Lead Plaintiffs' claims as time barred and for lack of standing, the Court dismissed all claims because the CAC failed to state claims under Section 11 or 12(a)(2). Lead Plaintiffs now move for reconsideration of the Order, requesting that the court modify the dismissal so that it is without prejudice and allow Lead Plaintiffs to file their proposed Second Consolidated Amended Complaint ("SCAC"). Lead Plaintiffs claim that the additional allegations with respect to the Series 5 offering found in the SCAC address the deficiencies that the Court noted in the Order.[1]  In response, Defendants argue that Lead Plaintiffs motion is untimely and procedurally improper. Additionally, Defendants claim that there is no valid basis for the reconsideration and remedy Lead Plaintiffs seek.  For the following reasons, Lead Plaintiffs' motion is DENIED.

---

[1] The Court dismissed Lead Plaintiffs' claims with respect to all other offerings as time barred. Lead Plaintiffs do not seek reconsideration of that portion of the Court's Order.

## LEGAL STANDARD

"Reconsideration of a previous order by the court is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Hinds County, Miss. v. Wachovia Bank N.A., 700 F. Supp. 2d 378, 407 (S.D.N.Y. 2010) (citation and quotation marks omitted). "A motion to amend or alter a judgment under Rule 59(e) of the Federal Rules of Civil Procedure is held to [this] same strict standard." Sampson v. Robinson, No. 07 Civ. 6890, 2008 WL 4779079, *1 (S.D.N.Y. Oct. 31. 2008) (citation omitted). This standard also "appl[ies] in full force to a motion for reconsideration of a denial of leave to replead." In re Gildan Activewear, Inc. Sec. Litig., No. 08 Civ. 5048, 2009 WL 4544287, at *2 (S.D.N.Y. Dec. 4, 2009) (citation omitted). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . ." Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Hinds County, 700 F.Supp.2d at 407 (quoting Virgin Atl. Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992)).

## ANALYSIS[2]

The background facts of this case are stated in full in the Order. See In re Barclays Bank PLC Securities Litigation, No. 09 Civ.1989, 2011 WL 31548 (S.D.N.Y. January 5, 2011). Familiarity with these facts is presumed.

Lead Plaintiffs begin by contending that the Court's Order "did not acknowledge" Lead Plaintiffs' request for leave to amend. (Pl. Mem. 1.) That is not accurate. The Court explicitly addressed

---

[2] The Court does not rely on Defendants' argument that Lead Plaintiffs's motion is untimely and procedurally improper because it was filed more than 14 days after the entry of judgment. The motion for reconsideration, which also sought to alter or amend the judgment, was filed within the 28 day deadline set by Federal Rule of Civil Procedure 59(e).

2

Lead Plaintiffs' request, finding that granting leave to replead would be futile in light of the fact that many of Lead Plaintiffs' claims were time barred and the fact that the CAC failed to adequately state claims under Sections 11 and 12(a)(2). Lead Plaintiffs' contention that the Court's leave to amend statement referred only to Section 12 claims is baseless — Sections III and IV of the Order clearly reference claims both under Section 11 and Section 12(a)(2).  Accordingly, as the Court did not "overlook" Lead Plaintiffs' request for leave to amend, reconsideration on this basis is not available. In addition, because Lead Plaintiffs do not provide any new evidence supporting their claims, reconsideration is barred on this basis as well.  Indeed, the only viable avenues for reconsideration of the Order are an intervening change in controlling law or a clear error on the part of the Court.

**A. Intervening Change in Controlling Law – Litwin v. Blackstone Group, L.P.**

In their reply, Lead Plaintiffs cite Litwin v. Blackstone Group, L.P., 634 F.3d 707 (2d Cir. 2011), arguing that the case "strongly supports reconsideration." In Blackstone, the Second Circuit found that the district court erred in dismissing the plaintiff's complaint where the defendants failed to disclose trends and uncertainties in the market under Item 303 of SEC Regulation S-K. Blackstone, 634 F.3d at 716. Lead Plaintiffs argue that because, in Blackstone, the Second Circuit "gave teeth to an otherwise long-dormant SEC regulation — namely, SEC Regulation S-K[,]" Lead Plaintiffs have "adequately alleged that [D]efendants violated applicable accounting standards and SEC and other regulations." (Pl. Repl. Mem. 7.)

In light of Lead Plaintiffs' arguments regarding Blackstone, the Court requested that Defendants provide their views on the effect, if any, of Blackstone on the instant case.  Unsurprisingly, Defendants disagreed with Lead Plaintiffs' view, noting that Lead Plaintiffs allege that Defendants failed to comply with Item *503* of Regulation S-K, not Item *303*, as was discussed in Blackstone. (Def. May 18, 2011 Ltr. 1.)  Additionally, defendants argue that Blackstone dealt solely with the disclosure of trends or

3

uncertainties in the market, and how those trends could affect Blackstone in the future, rather than with the riskiness of a particular security and the financial instruments held by the issuer of that security, as in the instant case. (Id. n.1.)  Stated differently, this case is about Barclays' subjective valuation of its mortgage-related assets, not overall market trends. (Id. 2.)  Indeed, Defendants note that Barclays disclosed overall market trends in the Series 5 prospectus. (Id.)

The Defendants' arguments carry greater weight. The Second Circuit's opinion in Blackstone dealt solely with objective trends and uncertainties in the real estate market that the plaintiff alleged were material to the transaction at hand.  As the valuations at issue in this case were subjective, and as the type of information at issue in Blackstone was disclosed by Barclays, the teachings of Blackstone, although possibly relevant in some sense, are not controlling in this case. Accordingly, reconsideration on this basis is not warranted.

**B. Clear Error**

While "leave shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), "[a] district court has broad discretion to decide whether to grant leave to amend," In re Tamoxifen Citrate Antitrust Litigation, 466 F.3d 187, 219 (2d Cir. 2006). "Where amendment would be futile, denial of leave to amend is proper." Id. (citing Van Buskirk v. N.Y. Times Co., 325 F.3d 87, 91-92 (2d Cir.2003)). In addition, "[i]t is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998).

Lead Plaintiffs made their request to amend in a footnote on the last page of their memorandum in opposition to Defendants' motion to dismiss. Notwithstanding this informal approach, and although it had no obligation to do so, Blackstone, 634 F. 3d at 723 ("where . . . leave to amend is requested informally in a brief in opposition to a motion to dismiss, we have held that it is within the district

4

'court's discretion to deny leave to amend implicitly by not addressing the request'"), the Court acknowledged the request in its own footnote. The Court explained that granting leave to amend the complaint would be futile in light of the fact that many of the claims were untimely and that all of the claims were inadequately pled. Barclays, 2011 WL 31548, at *6 n.16. The Court stated later in the Order that Defendants' claims were inadequately pled, primarily because the Court found that the valuations at issue were subjective and that, therefore, the valuations were not actionable, unless there were allegations that Barclays did not truly believe the valuations. Barclays, 2011 WL 31548, at *8. As the CAC "expressly exclude[ed] and disclaim[ed] any allegation that could be construed as alleging fraud or intentional or reckless misconduct," and specifically sounded in strict liability and negligence, (Am. Compl. ¶¶ 212, 223, 229), the Court found that any amendment adding allegations of knowledge would be futile, as such allegations would clearly suggest fraud.  Stated differently, as Lead Plaintiffs were adamant that they were not alleging fraud (presumably because they wanted to avoid the heightened pleading standard of Federal Rule of Civil Procedure 9(b)), amending the complaint to add allegations of knowledge of falsity was seemingly futile. Indeed, if it were possible for Lead Plaintiffs to make such allegations, Lead Plaintiffs obviously would have alleged fraud in the first place.

      In light of the Court's Order, Lead Plaintiffs now wish to shift gears and allege "that [D]efendants held certain subjective opinions that rendered their purported 'opinions' materially false and misleading," but at the same time maintain that they "have never and are not now alleging fraud." (Pl. Repl. Mem. 8.)  There is no disguising what Plaintiffs are attempting: they want to have their cake, and eat it too.  And Lead Plaintiffs are attempting this on allegations which are still general and conclusory. Thus, even if the Court were to allow Lead Plaintiffs to amend, the allegations of fraud presented to the court in the proposed SCAC would not satisfy the pleading standards of Rule 9(b). Although "courts need not determine futility based only on an assessment of the proposed amendments,"

Panther Partners Inc. v. Ikanos Commc'ns, Inc., 347 F. App'x 617, 622 (2d Cir. 2009), the circumstances of this case suggest that any attempt to amend is futile.

Accordingly, the Court's denial of leave to replead was not clear error and, therefore, reconsideration is unwarranted.

## CONCLUSION

For the foregoing reasons, the Lead Plaintiffs' motion is DENIED. The Clerk of Court is directed to close the pending motion at docket number 57.

Dated: New York, New York
       May 31, 2011

SO ORDERED

*Paul A. Crotty*

PAUL A. CROTTY
United States District Judge