UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re BARCLAYS BANK PLC
SECURITIES LITIGATION

-----------------------------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6-2-14
```

09 Civ. 1989 (PAC)

**ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiffs bring this class action against Barclays, Barclays PLC ("Barclays Defendants"), several senior officers, and other investment banks ("Underwriter Defendants") (collectively, "Defendants") under Section 11, 12(a)(2), and 15 of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77k, 77l, 77o, for materially false and misleading statements made in connection with four offerings of American Depository Shares ("ADS"). On January 5, 2011, the Court dismissed the case with prejudice for the following reasons: (1) Plaintiffs lacked standing to bring Section 12(a)(1) claims, (2) claims relating to the Series 2, 3, and 4 Offerings were untimely, and (3) Plaintiffs failed to adequately state Section 11 and 12(a)(1) claims for any of the offerings. *See In re Barclays Bank PLC Sec. Litig.*, No. 09 Civ. 1989, 2011 WL 31548 (S.D.N.Y. Jan. 5, 2011). On May 31, 2011, the Court denied Plaintiffs leave to file an amended complaint. *See In re Barclays Bank PLC Sec. Litig.*, No. 09 Civ. 1989, 2011 WL 2150477 (S.D.N.Y. May 31, 2011).

On August 19, 2013, the Second Circuit affirmed the Court's dismissal of the claims for the Series 2, 3, and 4 Offerings as untimely, reversed the dismissal of the claim for the Series 5 Offering, and remanded the case "to give the Lead Plaintiffs the opportunity, with respect to the Series 5 Offering, to proceed with the claims in the Proposed Complaint and with a new Lead Plaintiff." *See Freidus v. Barclays Bank PLC*, 734 F.3d 132, 142 (2d Cir. 2013). Plaintiffs

subsequently filed the Second Consolidated Amended Complaint ("SCAC") and the Barclays and Underwriter Defendants again moved to dismiss.

Defendants claim that the Second Circuit only held that Plaintiffs' valuation disclosure allegations stated a claim for relief and did not disturb the Court's dismissal of the other Series 5 allegations. *See* Defendants' Memorandum of Law in Support of Motion to Dismiss ("Def.'s Mot."), ECF No. 73, at 13 n.9, 19-24. But Defendants overlook the broad language the Second Circuit used in reinstating Plaintiffs' Series 5 claims. Rather than limiting its reversal to valuation disclosure allegations, the Second Circuit concluded that the "amended allegations regarding the Series 5 Offering did state claims under §§ 11 and 12(a)(2) and leave to amend should not have been denied as futile." *Freidus*, 734 F.3d at 139.[1] The court reasoned that the proposed complaint adequately pled that Barclays did not believe its own valuations, *see id.* at 140-41, and that the "other defects highlighted by the district court" would be remedied by the proposed repleading, *see id.* at 141. Furthermore, the Second Circuit noted that Plaintiffs should be given the opportunity "to proceed with the claims in the Proposed Complaint." *See id.* at 142. Thus, the Second Circuit held that all of Plaintiffs' Series 5 allegations—not just the valuation allegations—state a claim for relief, and the Court is bound by that holding.

Defendants also argue that the SCAC should be dismissed pursuant to the Mandate Rule and Federal Rule of Civil Procedure 8. *See* Def.'s Mot. at 14-19. Specifically, Defendants assert that Plaintiffs must file an entirely different complaint containing just the Series 5 allegations and that they can do so only after "new Lead Plaintiffs . . . have been appointed by the Court following proper application and appointment procedures." *See id.* at 14 n.10. The Second Circuit, however, approved of the proposed complaint in its entirety. *See Freidus*, 734 F.3d at

---

[1] Notably, the standard for futility is the same as applied to a Rule 12(b)(6) motion to dismiss. *See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) ("An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6).").

2

142. Plaintiffs complied with that order by filing the SCAC—which is nearly identical to the proposed complaint.[2] Had Plaintiffs filed a shortened complaint, Defendants would likely argue that Plaintiffs violated the Mandate Rule by filing a complaint that was different than the one the Second Circuit approved. Although the SCAC still contains allegations pertaining to the other offerings, many of these allegations overlap with Plaintiffs' Series 5 allegations and therefore are still relevant to Plaintiffs' viable claims. As to the appointment of new Lead Plaintiffs, Defendants provide no authority suggesting that the Court must dismiss Plaintiffs' claims merely because they have not yet formally substituted Dennis Askelson and Alfred Fait as lead plaintiffs. These individuals are adequate lead plaintiffs, *see Freidus*, 734 F.3d at 141-42, and the SCAC was filed on their behalf, *see* SCAC ¶¶ 22-23. As a result, the Court rejects Defendants' attempt to dismiss the complaint on this basis.

Accordingly, the Barclays and Underwriter Defendants' motion to dismiss the Second Consolidated Amended Complaint is DENIED. Since all class members were previously given notice of the opportunity to move for appointment as lead plaintiff, there is no need for the Court to re-open the process by ordering a new notice period. *See In re NYSE Specialists Sec. Litig.*, 240 F.R.D. 128, 143 (S.D.N.Y. 2007). Plaintiffs Askelson and Fait, however, should move to be appointed lead plaintiffs, and for withdrawal of the remaining Lead Plaintiffs, by June 13, 2014. Defendants' opposition should be filed by June 27, 2014, and Plaintiffs' reply by July 3, 2013. Briefing should be limited to 5 pages for the motion and opposition, and 3 pages for the reply.

Dated: New York, New York
May 30, 2014

SO ORDERED

PAUL A. CROTTY
United States District Judge

---

[2] The only addition is language indicating that Plaintiffs will not pursue claims for the Series 2, 3, or 4 Offerings. *See* SCAC ¶ 1 n.1.

3