SULLIVAN & CROMWELL LLP            SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

May 8, 2015

<u>Via ECF and U.S. Mail</u>

The Honorable Paul A. Crotty,
   United States District Court,
      Southern District of New York,
         500 Pearl Street,
           New York, New York  10007.

        Re:   <u>In re Barclays Plc Sec. Litig.</u>, 09 Civ. 1989 (PAC)

Dear Judge Crotty:

      We write on behalf of the Barclays Defendants and the Underwriter Defendants (collectively, "Defendants") in this action in response to the May 5, 2015 letter ("Letter") from counsel for lead plaintiffs Dennis Askelson and Alfred Fait seeking to (a) withdraw Mr. Fait and (b) file an amended motion for class certification by Mr. Askelson and new entrant Paul Spindel, who is not a plaintiff and has never before been involved in this action.

      Defendants agree that Mr. Fait should withdraw.  Defendants also do not oppose an amended class certification motion by Mr. Askelson alone, and would agree to the same schedule for that motion as the one set forth in plaintiffs' proposed order.  We do, however, oppose the addition of Mr. Spindel to this action in any capacity (named plaintiff, lead plaintiff or class representative) because it is untimely under the applicable three-year statute of repose.  The threshold question of Mr. Spindel's joinder—which is a pure issue of law—should be decided before permitting an amended certification motion that includes him as plaintiff/class representative.[1]

      This case involves claims under the Securities Act of 1933 arising out of the April 2008 offering of Barclays Series 5 ADS.  Thus, the 1933 Act Section 13's three-year statute of repose

---

[1] Mr. Spindel cannot move for class certification or be a class representative if he is not a plaintiff in this action. *See*, *e.g.*, *In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 123 n.9 (S.D.N.Y. 2002) ("at the class certification stage, only lead and named plaintiffs [are] eligible for appointment as class representatives").  Although plaintiffs appear to recognize this by invoking Rule 21 "substitution" (Letter at 2-3), they nowhere ask the Court to add Mr. Spindel as a plaintiff, nor do they make a threshold showing that Mr. Spindel has standing to assert claims here.

The Honorable Paul A. Crotty                                                                                          -2-

for all claims expired in April 2011.  Plaintiffs concede that Mr. Spindel's entry into this action needs to be timely under the repose period, but assert that he can invoke "relation back" under Rule 15.  (Letter at 3 n.5.)  That is incorrect.  Even assuming that relation back can ever apply to claims of a newly added plaintiff,[2] it cannot apply where (as here) Section 13's substantive repose period has expired, as the Second Circuit made clear in *Police & Fire Retirement System of Detroit* v. *IndyMac MBS, Inc.*, 721 F.3d 95, 109 (2d Cir. 2013), *cert. dismissed as improvidently granted*, 135 S. Ct. 42 (2014).  In *IndyMac*, the Second Circuit held that the *American Pipe* tolling doctrine does not apply to Section 13's repose period, and emphasized that no Federal Rule of Civil Procedure can extend the repose period because doing so would be barred by the Rules Enabling Act.  *Id.*  Post-*IndyMac* decisions in this District have thus denied relation back where the repose period of Section 13 had expired.[3]  The only decision plaintiffs cite (Letter at 3 n.5) to argue that relation back is available is irrelevant, because it construed a statute of limitations (not repose), and relied upon *American Pipe* tolling, which is inapplicable to repose following *IndyMac*.  *See Beach* v. *Citigroup Alternative Invs. LLC*, 2014 WL 904650, at *18-20 (S.D.N.Y. Mar. 7, 2014).

The timeliness of Mr. Spindel's requested entry into this case is a pure issue of law, and a threshold one that need be decided before he is included in an amended class certification motion.  The procedure proposed by plaintiffs—of simply filing an amended class certification

---

[2] As this Court has observed, where a proposed plaintiff "is not currently a party" to an action, "it strains logic to suggest that [he] could avail [him]self of the benefits of the relation back doctrine.  In other words, a party may not take advantage of relation back if it is not actually a party to the action in the first instance." *N.J. Carpenters Health Fund* v. *DLJ Mortgage Capital, Inc.*, 2010 WL 6508190, at *3 (S.D.N.Y. Dec. 15, 2010).

[3] *See, e.g., Police & Fire Ret. Sys. of the City of Detroit* v. *Goldman, Sachs & Co.*, 2014 WL 1257782, at *9 (S.D.N.Y. Mar. 27, 2014) (*IndyMac* barred relation back to permit plaintiff to amend its own complaint after repose period expired to add claims regarding more RMBS offerings); *In re Morgan Stanley Mortgage Pass-Through Certificates Litig.*, 24 F. Supp. 3d 203, 209 (S.D.N.Y. 2014) (*IndyMac* barred relation back where repose period expired).  Even prior to *IndyMac*, courts in this District forbade the use of Rule 15 to enable plaintiffs to assert claims after the repose period had expired.  *See, e.g., In re Longtop Fin. Techs. Ltd. Sec. Litig.*, 939 F. Supp. 2d 360, 380 (S.D.N.Y. 2013) (Rule 15 relation back not permitted when claim is barred by repose); *In re Direxion Shares ETF Trust*, 2012 WL 717967, at *5 (S.D.N.Y. Mar. 6, 2012) ("relation back . . . [does not] stop[] the repose clock").

The Honorable Paul A. Crotty                                                                                      -3-

motion with Mr. Spindel included, and then addressing any timeliness challenges along with all other arguments under Rule 23 in the class certification briefing—would be inefficient and prejudicial.[4]  Under that proposal, Defendants would need to conduct all the usual class-certification discovery and briefing concerning Mr. Spindel, before knowing whether he will even be permitted to join the action.  The discovery would include (at a minimum) requesting and reviewing documents from him and Mrs. Spindel and taking both of their depositions, because plaintiffs' counsel has told us that Mrs. Spindel was the actual purchaser of the Series 5 shares and has assigned her claims to Mr. Spindel so he can try to participate in this case—and the briefing would have to address, in addition to the untimeliness of his requested joinder, all other grounds under Rule 23 (and otherwise) for opposing his serving as a class representative.  All of these efforts would be entirely for naught if Mr. Spindel's joinder is ultimately denied as untimely, as we submit it should be.

   A decision on the threshold question of Mr. Spindel's joinder will not cause undue delay.  If plaintiffs file a motion to add Mr. Spindel by May 15, we could file our opposition brief by May 29 and plaintiffs could reply by June 5.  Promptly after the Court's decision on that motion the amended class certification motion could be filed (with or without Mr. Spindel, depending on the decision), and expert discovery and briefing on that amended motion could proceed on a schedule like the one set forth in plaintiffs' proposed order.

   We would appreciate an opportunity to address these issues further in a conference or in briefing if the Court would find that helpful.

---

[4] Plaintiffs' own cited authorities agree.  *See Tirone* v. *Calderone-Curran Ranches, Inc.*, 1978 WL 1095, at *2 (W.D.N.Y. June 14, 1978) (rejecting deferral of question of joinder of additional plaintiffs until class certification) (Letter at 2); *Andujar* v. *Rogowski*, 113 F.R.D. 151, 156 (S.D.N.Y. 1986) ("At some point, defendants should have notice of who their adversaries are.") (internal quotation marks omitted) (Letter at 3).

Respectfully submitted,

| | |
|---|---|
| /s/ Michael T. Tomaino, Jr. | /s/ Jay B. Kasner |
| Michael T. Tomaino, Jr. (*tomainom@sullcrom.com*) | Jay B. Kasner (*jay.kasner@skadden.com*) |
| SULLIVAN & CROMWELL LLP | Scott D. Musoff (*scott.musoff@skadden.com*) |
| 125 Broad Street | SKADDEN, ARPS, SLATE, |
| New York, New York  10004-2498 | MEAGER & FLOM LLP |
| Tel.:  (212) 558-4000 | Four Times Square |
| Fax:  (212) 558-3588 | New York, New York  10036 |
| | Tel.:  (212) 735-3000 |
| | Fax:  (212) 735-2000 |
| | |
| *Attorneys for the Barclays Defendants* | *Attorneys for the Underwriter Defendants* |