# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

September 11, 2015

Via ECF and U.S. Mail

The Honorable Paul A. Crotty,
   United States District Court,
      Southern District of New York,
         500 Pearl Street,
           New York, New York 10007.

         Re: *In re Barclays Bank PLC Sec. Litig.*, No. 1:09-cv-01989-PAC

Dear Judge Crotty:

      I write on behalf of the Barclays Defendants in response to plaintiffs' September 8, 2015 letter ("Letter") requesting a Court conference to discuss a possible motion to compel Barclays to produce transcripts of depositions taken of certain current and former Barclays employees in other, unrelated cases, and all exhibits marked at those depositions. We respectfully submit that there is no need for a conference or a motion, because all transcripts responsive to plaintiffs' request (10 total) were either already produced to plaintiffs long before they sent their Letter (7 of them) or will be produced next week (the remaining 3), and the exhibits marked at those depositions—to the extent responsive to plaintiffs' document requests in this case and within the parties' agreed-upon discovery parameters (approximately 15% of the exhibits in question)—were also already produced as part of Barclays' document production in this case. The remaining 85% of the exhibits—obviously the overwhelming majority—are not discoverable here because they fall outside the discovery parameters that the parties agreed-upon for this case (*e.g.*, time period, search terms, and the like).

The Honorable Paul A. Crotty                                                                                -2-

Plaintiffs first served the request for these transcripts and exhibits on July 1, 2015, almost a year after their only prior Rule 34 request and months after Barclays had substantially completed its document production.[1] As part of the "meet and confer" process, Barclays did a search and identified 10 depositions responsive to the request—from four cases brought by institutional investors that had purchased residential mortgage-backed securities ("RMBS") in offerings in which affiliates of Barclays participated as sponsor and/or underwriter. Those RMBS cases and our case involve completely different time periods, claims and allegations:

- *The Other Cases*: 26 RMBS offerings; offering dates from 2005-July 2007; claims were that the prospectuses misstated the quality of the underlying loans and the loan originators' compliance with their origination guidelines. No loans were originated by any Barclays entity, and no allegations were made about the financial statements of any Barclays entity.

- *Our Case*: 1 offering of Series 5 American Depositary Shares of Barclays Bank PLC in April 2008; claims are that Barclays Bank PLC's own year-end 2007 financial statements incorporated in the April 2008 prospectus misstated the values of Barclays' own holdings of certain assets (*e.g.*, CDOs, SIVs, whole loans, RMBS residuals, monoline-wrapped assets).

Although the 10 depositions from the other cases are irrelevant here, we agreed to produce the transcripts to avoid burdening the Court with a discovery dispute. We already produced 7 of them, for witnesses who were later deposed in our case, and for each we produced them 5-7 days before plaintiffs deposed them. We also told plaintiffs before they sent their Letter that we would produce the remaining 3, and will do so by September 17—one is for a witness being deposed on October 6, and plaintiffs are not deposing the other two witnesses.

---

[1] The request appears to have been an afterthought, given that only 2½ months were left for fact discovery under the then-operative schedule and plaintiffs had not taken any of their 25 allotted depositions. Barclays timely served objections to the request on July 31, including on the ground that the transcripts and exhibits are irrelevant here and that the wholesale request for exhibits regardless of their dates or subject matters improperly sought to expand document discovery beyond the scope previously agreed upon by the parties.

The Honorable Paul A. Crotty                                                                                                -3-

        There is thus no live dispute about transcripts, and plaintiffs' assertion (Letter at 2, 3) that we are not producing them until two days before a witness's deposition is flat wrong. The only dispute is about the request for wholesale production of all 216 exhibits marked at the 10 depositions regardless of their dates or subject matters. This improperly seeks to expand document production beyond the scope agreed to at the start of discovery, when plaintiffs agreed that our document production would be for the period October 1, 2006 to March 31, 2009—itself overbroad for a case about one offering in April 2008, alleging misstatements in Barclays' year-end 2007 financials—from certain central sources and another 55 individual document custodians using over 100 unique electronic search queries. Of the 216 exhibits in question, roughly 85% are outside these agreed parameters: (a) about 55% are outside the agreed time period and (b) about 30% do not have agreed search terms or are not from agreed sources. The remaining 15% are documents that plaintiffs already have; they are in Barclays' document production because they are within the agreed discovery parameters. We even offered to give plaintiffs the "bates" numbers of those documents if they could not find them in our production.

        Accordingly, plaintiffs' assertion (Letter at 3) that we "refus[ed] to produce any exhibits with the transcripts" is incorrect. The exhibits that are within the agreed scope of discovery have been produced, and the remainder—roughly 85% of the exhibits in question—are not within that agreed scope. Nevertheless, we told plaintiffs that we would consider producing some exhibits from the 85% if they made targeted requests for specific exhibits based on the testimony about them, and made at least some showing of relevance to our case. This offer stands, and therefore no conference or motion to compel is warranted or appropriate at this time.

The Honorable Paul A. Crotty -4-

Respectfully submitted,

Michael T. Tomaino, Jr.

cc: Counsel of Record