UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-19-15

-----------------------------------------------------------X

In re BARCLAYS BANK PLC
SECURITIES LITIGATION

09 Civ. 1989 (PAC)

**OPINION & ORDER**

-----------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

This case deals with alleged material misstatements and omissions in the offering materials associated with the sale of American Depositary Shares ("ADS") of Barclays Bank PLC ("Barclays"), in violation of Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 ("Securities Act"). Initially, the case dealt with four ADS offerings (Series 2, 3, 4 and 5) between April 2006 and April 2008. Several class action complaints were filed in early 2009 and, upon order from the Court, lead plaintiffs filed a consolidated amended complaint in February 2010. In January 2011, the Court dismissed the consolidated amended complaint. *In re Barclays Bank PLC Sec. Litig.*, 2011 WL 31548 (S.D.N.Y. Jan. 5, 2011). Plaintiffs appealed, and on August 19, 2013 the Second Circuit affirmed the dismissal of the claims as to the Series 2, 3 and 4 offerings, but reversed as to the Series 5 offering claims and remanded to permit lead plaintiffs to file a proposed second consolidated amended complaint with respect to the Series 5 ADS offering of April 8, 2008. *Freidus v. Barclays Bank PLC*, 734 F.3d 132 (2d Cir. 2013).

Lead plaintiffs Dennis Askelson and Alfred Fait filed the Second Consolidated Amended Complaint on September 16, 2013, asserting claims individually and on behalf of all other

1

similarly situated purchasers.[1] Dkt. 66. The Court issued on order on July 9, 2014 confirming the appointment of Askelson and Fait as lead plaintiffs ("Lead Plaintiffs"). Dkt. 91.

On March 6, 2015, Lead Plaintiffs filed a motion for class certification. Dkt. 102. But in April 2015, they informed Defendants that, due to health issues, Fait might withdraw as a named plaintiff. On November 18, 2015, counsel for Lead Plaintiffs filed notice of Fait's death. Dkt. 139. They propose replacing Fait with nonparty Paul Spindel as a named plaintiff and putative class representative.

Spindel certified that he was a putative class member since he purchased Series 5 ADS in the April 8, 2008 offering on behalf of his wife Ann Spindel and she had assigned all of her rights and claims with respect to these shares to her husband. *See* Dkt. 116, Ex. 1 and 2. In May 2015, the Court directed the parties to brief the issue, and soon after Lead Plaintiffs moved to add Spindel as a new named plaintiff, pursuant to Fed. R. Civ. P. 15 and 21. Dkt. 113, 115. Defendants oppose the motion, arguing that (i) Lead Plaintiffs cannot relate back Spindel's claims to their timely claims since the Securities Act statute of repose bars tolling; and (ii) adding Spindel is improper because it follows an unexplained delay and would prejudice defendants. Def. Mem., Dkt. 119.

The Court holds that the Securities Act's statute of repose bars Lead Plaintiffs from using Rules 15 and 21 to relate back Spindel's otherwise untimely claims. The motion to add Spindel as a named plaintiff is DENIED.

## I. Standard of Review

"On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. This includes the power to add new named plaintiffs in a putative class

---

[1] A complete list of Defendants is provided in the Second Consolidated Amended Complaint at ¶¶ 25-59.

action. *See Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 96 (S.D.N.Y. 2010). Generally, courts assess motions to add new parties pursuant to Rule 21 in the same manner as requests to amend a complaint under Rule 15. *See id.* ("[T]he same standard of liberality applies under either [Rule 21 or Rule 15]"). Rule 15(a)(2) provides that the court should "freely give leave when justice so requires," which the Second Circuit has interpreted to mean that leave should be granted unless "there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001).[2]

## II. Relation Back of Spindel's Claims

Section 13 of the Securities Act bars claims made more than three years after the underlying security has been offered or sold. 15 U.S.C. § 77m. Since the Series 5 ADS offering occurred over seven years ago and Spindel is not a party to the case prior to class certification, *see Smith v. Bayer Corp.*, 131 S. Ct. 2368, 2379 (2011), his claims would be untimely, if added today. Defendants contend that adding Spindel as a named plaintiff would be futile.

But Lead Plaintiffs correctly maintain that Rule 15(c) can generally be used to relate back (and thus render timely) claims of a newly added plaintiff. Rule 15(c), which addresses relation back of amendments to pleadings, does not explicitly address the situation of amending a pleading to add a new plaintiff's claims. But the 1966 advisory notes to the Rule state that adding claims by new plaintiffs should be analyzed in a manner analogous to adding claims against new defendants under Rule 15(c)(1)(C). *See Beach v. Citigroup Alternative Inc. LLC,*

---

[2] Defendants argue that, since the Court issued a Revised Scheduling Order in August 2015, Lead Plaintiffs must show "good cause" in order to modify the Revised Scheduling Order and add a new party. *See* Def. Mem. at 16 (citing Fed. R. Civ. P. 16(b)). But the Revised Scheduling Order does not set a deadline to add new parties, so Lead Plaintiffs do not seek or require a modification. *See* Dkt. 126 at ¶ 3. As such, the Rule 15 standard applies. *See In re Initial Public Offering Sec. Litig.*, 214 F.R.D. 117, 122 (S.D.N.Y. 2002) (applying Rule 15 for joinder of new named plaintiff where there were no court-ordered deadlines).

3

No. 12 cv 7717 (PKC), 2014 WL 904650, at *19 (S.D.N.Y. Mar. 7, 2014). Under that Rule, claims against a new defendant relate back to the original pleading, so long as the new defendant knew or should have known that the action would have been brought against it and will not be prejudiced in defending on the merits.[3] Fed. R. Civ. P. 15(c)(1)(C). By extension, a newly added plaintiff's claims relate back to the original pleading provided that defendants knew or should have known of the new claims and are not prejudiced. *Beach*, 2014 WL 904650, at *19.

"When an action is filed as a putative class action, defendants are on notice as to the extent and nature of the claims." *Id.* at 20. "As such, allowing relation back of the newly named plaintiff's claims under Rule 15(c), as long as they are identical to the claims already asserted and would have been timely at the time of filing, would not unduly surprise or prejudice the defendants." *Id.* Here, Spindel's claims under Sections 11, 12(a)(2) and 15 are identical to those of the Lead Plaintiffs. Adding Spindel as a named plaintiff would not change the nature of the action or "surprise" defendants. Thus, absent other bars, Lead Plaintiffs can relate back Spindel's otherwise untimely claims to their timely claims.

## III.   Tolling the Section 13 Repose Period

But Defendants raise another argument more serious than their first argument: Rule 15(c) relation back is not available to extend the three-year period under Section 13 because it is a statute of repose rather than a temporal limitations period. Def. Mem. at 9-11. They cite the Second Circuit's interpretation of Section 13 in *Police & Fire Ret. Sys. of the City of Detroit v.*

---

[3] The Rule also requires that a "mistake" have been made in not previously adding the new party. Fed. R. Civ. P. 15(c)(1)(C)(ii). In this Circuit, however, courts have "rejected the 'mistake' requirement when adding new named plaintiffs in a class action and focus on whether the new plaintiff's claims were reasonably foreseeable and whether their addition would prejudice the defendants." *Beach*, 2014 WL 904650, at *19 (collecting cases); *but see In re Morgan Stanley Mortg. Pass-Through Certificates Litig.*, 23 F. Supp. 3d 203, 208-09 (S.D.N.Y. 2014) (applying the "mistake" requirement in barring intervention by new plaintiffs).

4

*IndyMac MBS, Inc.*, 721 F.3d 95 (2d Cir. 2013). There, the district court consolidated separate purported class actions brought by the Police and Fire Retirement System of the City of Detroit ("Detroit PFRS") and the Wyoming State Treasurer and Wyoming Retirement System (jointly, "Wyoming") against defendant IndyMac for Securities Act violations. *Id.* at 102. The district court appointed only Wyoming plaintiffs as lead plaintiffs and dismissed for lack of standing all claims arising from offerings not purchased by the Wyoming entities. *Id.* at 102-03. Detroit PFRS then sought to intervene after the three-year period, arguing that its claims were tolled or related back to the timely claims of the Wyoming entities. *Id.* at 103.

The court explained that Section 13 sets a repose period which, in contrast to a limitations period, "create[s] a *substantive* right in those protected to be free from liability after a legislatively-determined period of time." *Id.* at 106 (internal quotation marks omitted). The court noted that "Section 13's three-year limitation 'is a period of repose *inconsistent* with tolling,' and . . . the 'purpose of the 3-year limitation is clearly to serve as a cutoff,' to which 'tolling principles' do not apply." *Id.* at 107 (quoting *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilberton*, 501 U.S. 350, 363 (1991) (emphasis in *IndyMac*)). Accordingly, the court stated: "a statute of repose begins to run without interruption once the necessary triggering event has occurred, even if equitable considerations would warrant tolling or even if the plaintiff has not yet, or could not have, discovered that she has a cause of action." *Id.* (internal quotation marks omitted). The court held that Supreme Court case law permitting tolling of statutes of limitations pursuant to Rule 23 could not be applied to the Section 13 repose period, because that would violate the Rules Enabling Act, which bars interpreting a Federal Rule in a manner that "'abridge[s], enlarge[s] or modif[ies] any substantive right.'" *Id.* at 109 (quoting 28 U.S.C. § 2072(b)).

5

*IndyMac* clearly bars use of Rule 15 to relate back Spindel's otherwise untimely claims. Section 13's three-year repose period cannot be extended by legal or equitable principles. *See id.* at 108-09. Just as it violates the Rules Enabling Act to extend the Section 13 repose period by way of Rule 23, it also violates the Rules Enabling Act to extend the Section 13 repose period by way of Rule 15. Both would violate the purpose of the three-year repose period, which "is clearly to serve as a cutoff." *Id.* at 107.

This holding is supported by *Police & Fire Ret. Sys. of the City of Detroit v. Goldman, Sachs & Co.*, No. 10 cv 4429 (MGC), 2014 WL 1257782 (S.D.N.Y. Mar. 27, 2014). There, plaintiffs sought to use Rule 15 to relate back new Securities Act claims premised on different securities offerings after the three-year repose period. *Id.* at *9. The court acknowledged that *IndyMac* "did not address a situation, like this one, in which plaintiffs seek to use relation-back to add new claims to their *own* complaint that would otherwise be barred by the statute of repose." *Id.* But the court reasoned that just as *IndyMac* held that Rule 23 could not toll the statute of repose due to the Rules Enabling Act, "permitting relation-back under Rule 15 would similarly violate the Rules Enabling Act." *Id.* at *10.

Lead Plaintiffs' efforts to distinguish *IndyMac* and *Goldman* are unavailing. They argue that *IndyMac* is distinguishable because in that case, unlike here, plaintiffs sought to apply tolling to claims that had already been dismissed by the court for lack of jurisdiction. Pl. Mem., Dkt. 114 at 7-8. But as the court held in *Goldman*, even if the timely claims are still pending before the court, the Rules Enabling Act bars relation back of new claims after the repose period. *Goldman*, 2014 WL 1257782, at *10. Lead Plaintiffs seek to distinguish *Goldman* by pointing to the fact that the Goldman plaintiffs sought to add new claims based on different underlying offerings, whereas Lead Plaintiffs seek to add new claims based on the same underlying offering.

*Id.* at 9. That is a distinction without a difference. Even though the underlying offering is the same, Spindel is a nonparty prior to class certification, so adding his claims after the repose period would require relation back and so is barred. *See IndyMac*, 721 F.3d at 112 n.22 ("[U]ntil certification there is no class action but merely the prospect of one; the only action is the suit by the named plaintiffs"). Since Lead Plaintiffs cannot relate back Spindel's untimely claims, addition of Spindel as a named plaintiff is futile and the motion is DENIED.[4]

## CONCLUSION

Lead Plaintiffs' motion to add Paul Spindel as a named plaintiff is DENIED. Lead Plaintiff Askelson may move for class certification in accordance with the procedures as set forth in the Revised Scheduling Order. *See* Dkt. 126 at ¶ 8. The Clerk is directed to terminate the motion at Docket 115.

Dated: New York, New York  
November 19, 2015

SO ORDERED

*[signature]*

PAUL A. CROTTY  
United States District Judge

---

[4] *Beach v. Citigroup Alternative Inc. LLC*, 2014 WL 904650 (S.D.N.Y. Mar. 7, 2014) does not hold otherwise. In that case, the court permitted relation back to add claims of a new named plaintiff after expiration of the statute of limitations for New York fraud claims. *Id.* at *18-20. *IndyMac* specifically distinguished between statutes of limitations, which are subject to tolling and relation back of claims, and statutes of repose (such as Section 13), which are not. *IndyMac*, 721 F.3d at 106.

7